In the matter of the estate of ARTHUR PHILLIPS, deceased.

[Submitted October 25th, 1946.   Decided February 3d, 1947.]

*Mr. Benjamin M. Ratner,* for the appellant, Paula O. Phillips.

*Messrs. Hannoch & Lasser* (*Mr. Herbert J. Hannoch,* of counsel), for the respondent executors and trustees.

*Mr. Samuel Kaufman,* for the respondent administrator *pendente lite.*

The opinion of the court was delivered by

HEHER, J.

The order under review denied an application interposed by the widow of the deceased, under *R. S. 3:2–29,* for an allowance for her support and maintenance out of the income of the estate, and such further allowance out of the income, or, if need be, out of the *corpus,* as may be necessary to meet

the expenses incurred and to be incurred in conducting the contest touching the probate of what is alleged to be the last will and testament of the deceased, including counsel fees; and the widow appeals.

This statutory function is in its essence discretionary, directed and controlled by the obvious policy of the enactment and the considerations which brought it into being; and we perceive no abuse of the authority. The legislative expression implies fair grounds for the contest and a measure of need as conditions prerequisite to the affirmative exercise of the power. The design was to enable one of the enumerated next of kin to prosecute an inquiry into the question of the validity of the purported will that, for lack of means, could not otherwise be had. The power is to be sparingly exercised, only in cases of proved necessity, for the allowance of maintenance is without regard to the ultimate establishment of the contestant's right to share in the subject-matter of the purported will, and apparently without obligation of reimbursement no matter what the event, and thus the effectuation of the will of the testator is involved to that extent. There was no proof of such need here. The widow's means are sufficient to call for a denial of the application. If it should be demonstrated that there was reasonable cause for the probate contest, the widow may have reimbursement for all expenses reasonably incurred in the prosecution of the proceeding.

Let the order be affirmed.

*For reversal*—None.